**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHEN P. KOONS., | : CIVIL ACTION |
|            Plaintiff | : |
| | : |
|    v. | : |
| | : NO. |
| XL INSURANCE AMERICA, INC. and | : |
| GREENWICH INSURANCE COMPANY | : |
|            Defendants | : |

**COMPLAINT FOR A DECLARATORY JUDGMENT,
BREACH OF CONTRACT AND BAD FAITH**

Plaintiff, Stephen P. Koons, by his undersigned attorney, hereby brings his Complaint for a Declaratory Judgment, Breach of Contract and Bad Faith against Defendants, XL Insurance America, Inc. and Greenwich Insurance Company, as follows:

**I. PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Stephen P. Koons ("Koons"), is an adult individual residing in the Commonwealth of Pennsylvania at 63 Founders Way, Chester County, Downingtown, PA 19335.

2. Defendant, XL Insurance America, Inc. ("XL Insurance"), is a Delaware insurance company with its home and principal place of business located at Seaview House, 70 Seaview Avenue, Stamford, CT 06902.

1

3. Defendant, Greenwich Insurance Company ("Greenwich"), is believed to be a wholly owned subsidiary of XL Insurance, and is a Delaware insurance company with its principal place of business located at Seaview House, 70 Seaview Avenue, Stamford, CT 06902.

4. XL and Greenwich are subject to personal jurisdiction in this Court by reason of their licensure by the Pennsylvania Insurance Department to provide insurance within the Commonwealth of Pennsylvania and their regular transaction of business in this forum, through advertising, soliciting and selling insurance policies through licensed agents and brokers in this state.

5. This Court holds subject matter jurisdiction over this matter under 28 U.S.C. § 1332 as a result of the complete diversity of citizenship of the parties, and under the United States Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

6. This Court is the proper venue for this matter under 28 U.S.C. § 1391(a) as the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

II. **THE XL POLICIES**

7. Ches-Mont Disposal Company, LLC ("Ches-Mont Disposal") was the Named Insured under a Commercial Auto Policy issued by XL Insurance known as Policy No. AEC001995302 (the "XL Auto Policy") and under a Commercial Excess and Umbrella Policy issued by Greenwich Insurance Company, as a subsidiary of XL

Insurance America, Inc., known as Policy No. UEC001995402 (the "Greenwich Umbrella Policy").

8.     The coverage periods under both the XL Auto Policy and the Greenwich Umbrella Policy issued to Ches-Mont Disposal commenced on January 23, 2008 and continued through and including January 23, 2009.

9.     At all times material hereto, Plaintiff, Stephen P. Koons, has been an officer and director of Ches-Mont Disposal Company, LLC, the Named Insured under both the XL Auto Policy and the Greenwich Umbrella Policy, and an owner and managing member of Ches-Mont Holdings, LLC, the sole owner of Ches-Mont Disposal, LLC; Koons was formerly the sole owner of No Fun Allowed, Inc. d/b/a Ches-Mont Disposal before Ches-Mont Holdings, LLC was formed in 2006.

III.  **THE CLAIM**

10.    On April 18, 2008, during the period that the XL Auto and Greenwich Umbrella Policies were in effect, a tragic accident occurred in Montgomery County, Pennsylvania in which Ches-Mont Disposal's employee, Jeremy Andre, was killed while operating a trash truck known as 2001 Mack Truck Model No. MR688S ("2001 Mack Truck").

11.    Said 2001 Mack Trash Truck was operated and maintained by Ches-Mont Disposal which Mr. Koons had purchased and donated to the company as part of its

capital assets at the time the company was originally formed in 2001, although title to the vehicle was still registered in Koons' name at the time of the Andre accident.

12. On or about February 25, 2010, Mr. Andre's widow commenced an action against Stephen Koons personally, for negligence, wrongful death, and survival before the Court of Common Pleas of Philadelphia County, PA at February Term, 2010 No. 3525 ("Andre Estate Action").  A true and correct copy of the First Amended Complaint in the Andre Estate Action is attached hereto as Exhibit "A."

13. Following dismissal of the only other Defendant which was located in Philadelphia, the Andre Estate Action was transferred and is presently pending before the Court of Common Pleas of Montgomery County, PA, at No. 2011-06272.

14. Paragraphs 25 and Count II of Plaintiff's First Amended Complaint in the Andre Estate Action avers causes of action against Stephen P. Koons as a co-owner of Ches-Mont Disposal and the owner and "lessor" of the 2001 Mack Truck which had been operated by Mr. Andre as an employee of Ches-Mont Disposal at the time of his death, for his **alleged failure "to properly maintain and service said vehicle,"** even though, since the time of its purchase, said truck was in the sole possession of and was operated and maintained by Ches-Mont Disposal.

15. Paragraphs 16 and 17 of the Andre Estate's First Amended Complaint also aver that Koons is also vicariously liable for **"the acts and/or failures to act . . . of (his) workmen, agents, or ostensible agents, servants, independent contractors, subcontractors and/or employees."**

16. At all times material to this action and since its purchase in 2001, the 2001 Mack Truck was **insured as a covered vehicle** by XL Insurance under its Commercial Auto Coverage policy issued to Ches-Mont Disposal.

17. By letter dated April 30, 2010, Attorney for Stephen P. Koons promptly notified XL Insurance of the Andre Estate Claim and demanded defense and indemnification as to that claim on his behalf under the coverages set forth in the XL Auto Policy.

18. Following that demand, XL Insurance initially agreed to defend this matter and retained the law firm of Cozen & O'Connor to defend Koons in the Andre Estate Action.

19. Thereafter, by letter dated August 27, 2010, without prior notice, XL Insurance unexpectedly withdrew their coverage and defense for the Andre Estate Claim and denied coverage for Koons under the XL Auto Policy on the grounds that their investigation had disclosed "new information" which indicated that Koons did not meet the definition of an "Insured" under its Commercial Auto coverage policy. A true and correct copy of that denial of coverage letter of August 27, 2010 is attached hereto as Exhibit "B."

20. At the same time, Erie Insurance Company, who had insured Stephen P. Koons personally for other business auto vehicles unrelated to the Ches-Mont Disposal business, agreed to retain defense counsel to enter his appearance and is presently

defending Koons in the Andre Estate Action under Erie's Commercial Auto Policy No. Q01-0930220, which policy offers only $1 million in liability coverage.

21.     By letter dated October 6, 2010, Attorney for Stephen P. Koons, again demanded coverage under the XL Auto Policy and by letter dated February 9, 2011 on the grounds that said policy also provided coverage for all persons defined as "Insureds" under the policy, which includes:  **"Anyone liable for the conduct of an 'Insured' described above but only to the extent of that liability."**

22.     Attorneys for XL Insurance thereafter declined coverage for Koons under the XL Auto Policy, by letter dated February 9, 2011, on the grounds that the **"Policy does not provide for coverage for directors and officers liability."**  A true and correct copy of XL's denial of coverage letter of February 9, 2011 is attached hereto as Exhibit "C."

23.     Since the formation of Ches-Mont Disposal Company, LLC, and its predecessor, No Fun Allowed, Inc., d/b/a Ches-Mont Disposal in 2001, Plaintiff, Stephen P. Koons, has been an officer and director of Ches-Mont Disposal Company, LLC, was the sole shareholder, officer and director of No Fun Allowed, Inc. and is now an owner and managing member of its present company, Ches-Mont Holdings, LLC.

24.     By letter dated March 25, 2011, Attorney for Stephen P. Koons, again demanded XL Insurance agree to defend and indemnify Stephen P. Koons, under the Greenwich Commercial Excess and Umbrella Policy held with Ches-Mont Disposal pursuant to the defined meaning of an Insured which includes **"partners, joint venture**

**members, executive officers, directors and stockholders"** of Ches-Mont Disposal, such that Koons clearly fell within the definition of an "Insured" under the Greenwich Umbrella Policy.

25. By letter dated April 12, 2011, contrary to its previous disclaimer letter of February 9, 2011, XL Insurance declined Mr. Koons request for coverage for potential liability in the Andre Estate Action on the grounds that **he had not been sued "as an officer, director or employee" of Ches-Mont Disposal.** A true and correct copy of that denial of coverage letter of April 12, 2011 is attached hereto as Exhibit "D."

26. Since that time, XL Insurance and Greenwich have refused to withdraw the denial of their obligation to provide coverage for Stephen Koons personally, thereby putting his personal assets at risk of a potential multi-million dollar judgment in the Andre Estate Action.

## COUNT I - DECLARATORY JUDGMENT

27. Paragraphs 1 through 26 above are incorporated herein by reference as though set forth at length.

28. Defendant, XL Insurance, has refused to acknowledge that Plaintiff, Stephen P. Koons, is entitled to coverage under the XL Auto Policy, which provides for coverage for vicarious liability for those persons **"liable for the conduct of its Named Insured,"** or the Greenwich Umbrella Policy, which provides umbrella liability coverage

for **"partners, joint venture members, executive officers, directors, and stockholders"** of its Insured, Ches-Mont Disposal.

29. The Andre Estate Complaint asserts liability for negligence against Stephen P. Koons as a co-owner of Ches-Mont Disposal and the owner and lessor of the 2001 Mack Truck operated by Mr. Andre as an employee of Ches-Mont Disposal, as well as vicarious liability for the acts of Koons' "workmen, agents ostensible agents, servants . . . and/or employees" as a result of an alleged failure to properly maintain and service the 2001 Mack Truck.

30. At all times material to this action, the 2001 Mack Truck was within the exclusive possession and control of XL's Named Insured, Ches-Mont Disposal Company, LLC, was maintained and serviced by Ches-Mont Disposal and listed as a Covered Vehicle under the XL Commercial Auto policy issued such that Koons has indeed been sued for **vicarious liability for the actions or inactions of the employees of Ches-Mont Disposal.**

31. At all times material hereto, Stephen P. Koons, has also been **an officer and director of Ches-Mont Disposal Company, LLC**, and an owner and managing member of its parent company, Ches-Mont Holdings, LLC, and as such is covered as an Insured under Coverage B of the Greenwich Umbrella Policy.

32. Contrary to its disclaimer of coverage, the Greenwich Umbrella Policy does not state that any additional Insureds *must be sued in their capacity as an officer, director, etc.* of the Named Insured to obtain coverage; on the contrary, the policy

provides that any officer, director, partner, member, etc. of Ches-Mont Disposal, while *acting in their capacity as such*, is entitled to coverage as an "Insured" for any "occurrence" resulting in "bodily injury" or "property damage" for which they are sued.

33.  The Andre Estate's Amended Complaint obviously does not *allege* that Koons had acted in an official capacity as an officer, director and member of the Ches-Mont Disposal, LLC, even if he in fact had performed any of the acts alleged in its Complaint in that capacity, since Koons could then successfully assert the defense of immunity to the Plaintiff's claims under the Pennsylvania Workmen's Compensation Act, 77 P.S. § 72.

34.  XL Insurance's and Greenwich's refusal to indemnify Stephen P. Koons for any potential liability in the Andre Estate Claim under either of the XL policies is an unreasonable attempt to avoid their duties and responsibilities as an insurer and a reckless disregard of its coverage obligations under the insurance policies which it issued to Ches-Mont Disposal which specifically identify the 2001 Mack Truck as a covered vehicle owned by Ches-Mont.

35.  Koons could have no liability to the Plaintiff in the Andre Estate matter if not for the fact that he donated the vehicle to his own company, Ches-Mont Disposal, in his capacity as the original owner and officer and director of that company, or for his potential *vicarious liability* for the acts of employees of Ches-Mont to whom he delegated responsibility for maintenance and repair, to the extent a Court finds he remained the

9

*"owner"* of the vehicle after transferring possession and control of the vehicle to his company.

36. Stephen P. Koons has no adequate remedy at law and may be irreparably harmed if this Court does not issue a declaratory judgment to confirm the benefit of the insurance coverages afforded to Stephen P. Koons, including the duties and obligations of XL Insurance and Greenwich to defend and indemnify Stephen P. Koons, under the insurance policies which they issued to Ches-Mont Disposal.

37. Plaintiff therefore requests this Court to enter a declaratory judgment in favor of Plaintiff and against Defendant declaring that XL Insurance and Greenwich holds a duty to fully defend and indemnify Plaintiff, Stephen P. Koons, in connection with the Andre Estate Claim under the XL Auto Policy and the Greenwich Umbrella Policy and to award Koons his out-of-pocket costs and legal fees as taxable costs.

WHEREFORE, Plaintiff, Stephen P. Koons, requests this Court to enter a declaratory judgment as to the value of the coverages afforded to Stephen P. Koons by Defendants under their XL Auto Policy and/or the Greenwich Umbrella Policy in connection with the Andre Estate Claim and to award Koons his out-of-pocket costs and legal fees incurred to confirm that coverage.

### COUNT II
### BREACH OF CONTRACT

38. Paragraphs 1 through 37 above are incorporated herein by reference as though set forth at length.

39. At the time of this accident on April 18, 2008, Stephen P. Koons was an insured under the commercial auto and/or commercial excess and umbrella coverages purchased by Ches-Mont Disposal from XL Insurance and Greenwich.

40. Under the terms of the Greenwich Umbrella policy, Greenwich was obligated to defend and indemnify Stephen P. Koons as an "Insured" which includes **partners, executive officers, employees, directors, stockholders** of Ches-Mont Disposal for his potential liability under the Greenwich Umbrella policy.

41. Since the time XL Insurance originally denied coverage on August 27, 2010, XL Insurance knew that Stephen P. Koons was entitled to full coverage benefits as an officer and director of Ches-Mont Disposal for the potential liability set forth in the Andre Estate claim under the terms and conditions of its XL Auto and Greenwich Umbrella policy.

42. XL Insurance's and Greenwich's failure to provide confirmation of the value of indemnification coverage to Stephen P. Koons for the Andre claims constituted a breach of contract as to their obligations under their respective insurance policies.

43. As a result of that breach of their obligations, Stephen P. Koons has suffered damages, including but not limited to, attorneys fees and out of pocket costs required to obtain an adjudication as to the coverage values afforded to Stephen P. Koons by XL Insurance under the XL Auto Policy and/or its Greenwich Umbrella policy held with Ches-Mont Disposal in connection with the Andre Estate Claim.

WHEREFORE, Plaintiff, Stephen P. Koons , hereby demands judgment in its favor and against Defendant, XL Insurance America, Inc. and Greenwich Insurance Company for damages incurred, together with interest, Court costs and other relief as may be awarded by this Court.

## COUNT III

## BAD FAITH

44. Paragraphs 1 through 43 above are incorporated herein by reference as though set forth at length.

45. As an insurance company doing business in Pennsylvania, XL Insurance and Greenwich owed Stephen P. Koons a fiduciary duty to acknowledge and honor his right to coverage for his potential vicarious liability under the XL Auto Policy and excess coverage for potential liability for the Andre Estate claims as an executive officer and director of Ches-Mont Disposal Company, LLC, within the defined meaning of an "Insured" under the XL Umbrella Policy.

46. XL Insurance and Greenwich have acted in bad faith by breaching their obligation to fully defend and indemnify Stephen P. Koons under its policies of insurance issued to Ches-Mont Disposal, for, inter alia, the following reasons:

    (a). Failing to honor Stephen P. Koons' repeated demands for coverage which indicated that XL Insurance's reasons for denial of coverage were clearly erroneous;

(b). Failing to provide a reasonable explanation of the denial of coverage under the policy of insurance;

(c). Arbitrarily withdrawing coverage for the claim which it had previously accepted solely because Koons personal carrier, Erie Insurance, agreed to undertake his defense;

(d). Recklessly or deliberately mishandling Stephen P. Koons demand to confirm coverage for indemnification under the policy for the Andre Estate Claim;

(e). Placing their own financial interest in saving costs and exposure on the claim above Stephen P. Koons' right to coverage as its insured;

(f). Placing the assets of Stephen Koons at risk of a potential multi-million dollar judgment to minimize their own exposure to risks they have insured, solely to improve their own "leverage" in negotiations with the Plaintiff in the Andre Estate Action.

47. As a result of Defendants' actions and inactions, Stephen P. Koons has suffered damages for, including but not limited to, attorneys fees and out of pocket costs, to obtain confirmation of the coverage values afforded to Stephen P. Koons by XL Insurance under the XL Auto Policy and/or the Greenwich Umbrella Policies issued to held with Ches-Mont Disposal in connection with the Andre Estate Claim.

48. Furthermore, there was no reasonable basis for XL Insurance's and Greenwich's denial of coverage under its XL Auto and/or Greenwich Umbrella Policies and Defendants knew or should have known that it lacked a reasonable basis to deny

13

Stephen P. Koons' claim for coverage for his potential vicarious liability for the acts of employees of Ches-Mont Disposal as an executive officer and director of Ches-Mont Disposal Company, LLC, and owner and managing members of its parent company, Ches-Mont Holdings, LLC within the defined meaning of an "Insured" under the Greenwich Umbrella Policy.

49. Defendants' conduct therefore also constitutes bad faith in violation of 42 Pa. C.S. § 8371, under which they are liable to Stephen P. Koons for interest, punitive damages, Court costs and reasonable attorney's fees incurred in this matter.

WHEREFORE, Plaintiff, Stephen P. Koons, hereby demands judgment in its favor and against Defendant, XL Insurance America, Inc., and Greenwich Insurance Company for damages, together with punitive damages in excess of $75,000.00, as well as interest, Court costs, reasonable attorney's fees incurred in this matter and such other relief as this Court may award.

FRANCIS X. CLARK, P.C.

DATE: 5/3/11

By: /s/
   Francis X. Clark

700 American Avenue, Suite 204
P.O. Box 62166
King of Prussia, PA 19406
610-491-9201
FAX: 610-491-9205
fxc@fxclaw.com

Attorney for Plaintiff,
Stephen P. Koons