IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN P. KOONS, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 11-2956 |
| XL INSURANCE AMERICA, INC., and GREENWICH INSURANCE COMPANY, | : |
| Defendants. | : |

**MEMORANDUM**

YOHN, J.                                                                                                          July 17, 2012

Plaintiff, Stephen P. Koons, has filed a motion for reconsideration of my May 29, 2012, memorandum and order insofar as I granted summary judgment in favor of defendant Greenwich Insurance Company ("Greenwich") as to certain claims and declared that Greenwich has no duty to defend or indemnify Koons in a personal-injury action brought against him in state court (the "Andre action"). For the reasons set forth below, I will deny his motion to reconsider.

The Andre action arose from an accident in which an employee of Ches-Mont Disposal LLC ("Ches-Mont LLC") was killed while operating a trash-disposal truck on behalf of the company.[1] The Andre complaint alleged factually that, at the time of the accident, Koons, individually doing business as Miller Concrete, was the owner of the truck and had leased the truck to (or otherwise permitted its use by) Ches-Mont LLC, and that Koons, as the owner-lessor

---

[1] I briefly summarize the background of the case here, but for a more detailed discussion of the facts giving rise to this action, see *Koons v. XL Ins. America, Inc.*, No. 11-2956, 2012 WL 1946825 (E.D. Pa. May 29, 2012).

of the truck, had failed to properly maintain the truck and had failed to discover and repair an alleged defect and was therefore liable for negligence. Koons was also the president of Ches-Mont LLC and an owner of the company, but neither Ches-Mont LLC nor Koons in his capacity as an owner or officer of the company was named as a defendant in the Andre action. The factual allegations in the Andre complaint were obviously carefully drafted to avoid any reference to Ches-Mont LLC or its owners or officers as a negligent entity or persons because, as Andre's employer, Ches-Mont LLC is statutorily immune from suit under the workers' compensation law. *See* 77 Pa. Stat. Ann. § 481.

At the time of Andre's accident, Ches-Mont LLC was the named insured under both a commercial auto policy issued by XL Insurance America, Inc. ("XL") and a commercial excess and umbrella policy issued by Greenwich, and Koons sought defense and indemnification in the Andre action under these policies. After XL and Greenwich denied coverage to Koons, he brought this action seeking a declaratory judgment that XL and Greenwich have a duty to defend and indemnify him in the Andre action, and asserting claims for breach of contract and bad faith stemming from defendants' refusal to provide coverage. In a memorandum and order dated May 29, 2012, I concluded that neither XL nor Greenwich has a duty to defend or indemnify Koons in the Andre action, and I granted summary judgment in their favor as to the declaratory-judgment and breach-of-contract claims.[2]

Koons has now filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the May 29, 2012, judgment. He seeks reconsideration insofar as I entered summary judgment in favor of Greenwich.

---

[2] I had previously stayed Koons's bad-faith claim pending resolution of the insurance-coverage dispute. Upon agreement of counsel, I dismissed the bad-faith claim in an order dated June 14, 2012.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A court may grant a motion for reconsideration if the moving party demonstrates at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere dissatisfaction with a court's ruling, however, is not a proper basis for reconsideration, *see Progressive Cas. Ins. Co. v. PNC Bank, N.A.*, 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999), and such a motion should not be used "to merely attempt to convince the court to rethink a decision it has already made," *Colon v. Colonial Intermediate Unit 20*, 443 F. Supp. 2d 659, 667 (M.D. Pa. 2006).

In seeking reconsideration, Koons argues that I erred in concluding that he was not an "insured" under the Greenwich policy. But Koons offers no convincing argument and seeks merely to rehash the arguments that he made—and that I addressed—in connection with the parties' motions for summary judgment. Accordingly, I will deny his motion for reconsideration.

As relevant here, the Greenwich policy defines the term "insured" to include the named insured (Ches-Mont LLC), as well as the named insured's "partners, joint venture members, executive officers, employees, directors, stockholders or volunteers while acting within the scope of their duties as such." (Defs.' Mot. for Summ. J. Ex. O, Coverage B, at 17.) Although there was no dispute that Koons was an executive officer and owner of Ches-Mont LLC, I concluded that he was not an insured with respect to the Andre action because he was being sued in that action in his capacity as the owner of the trash-disposal truck, not in his capacity as an owner or officer of Ches-Mont LLC.

3

In his motion for reconsideration, Koons contends that I "misconstrued his right to personal coverage under the Greenwich policy" by requiring that he be sued in his capacity as an owner or officer of Ches-Mont LLC. (Mem. of Law of Pl. in Supp. of Mot. to Alter or Amend Entry of Summ. J. in Favor of Def. Greenwich Insurance Co. ("Pl.'s Br.") at 3.) Reasserting an argument that he made in his motion for partial summary judgment, he argues that the Greenwich policy contains no requirement that he be *sued* in his capacity as an owner or officer of Ches-Mont LLC in order to be entitled to coverage. Rather, he contends, he is entitled to coverage as long as his alleged acts of negligence were "*undertaken* 'in his capacity' as an officer and owner of [Ches-Mont LLC]." (*Id.* at 4 (emphasis added).)

But, as I noted in my prior memorandum, that is a distinction without any practical significance here, because it is clear from the Andre complaint that the claims against Koons are based on actions that he allegedly took (or failed to take) as the owner and lessor of the trash-disposal truck, not as an owner or officer of Ches-Mont LLC.

Koons apparently disagrees and maintains that the Andre complaint seeks to hold him liable for actions he undertook "to carry out his commitment to operate the Ches-Mont trash disposal business." (*Id.* at 5.) He asserts that "[a]ll of the acts of purported negligence for which the Andre Plaintiffs claim Koons holds ultimate responsibility were . . . performed by employees of his company, Ches-Mont Disposal." (*Id.* at 6 (emphasis omitted).)

But Koons mischaracterizes the allegations in the Andre complaint. Contrary to Koons's contentions, there is nothing in the complaint that suggests that the plaintiffs in the Andre action seek to hold him liable for the actions of Ches-Mont LLC or its employees, or for actions that he undertook in his capacity as an owner or officer of Ches-Mont LLC. There is no dispute here that Ches-Mont LLC employees performed maintenance on the truck. (Defs.' Mot. for Summ. J.

¶ 45.) And, as a general matter, an injured third party could seek to hold liable a lessee, such as Ches-Mont LLC, that was responsible for maintaining a leased vehicle but failed to properly do so.[3] But Koons apparently overlooks the fact that an owner or lessor of a vehicle may also be liable to a third party for a defect in a leased vehicle, at least to the extent that the defect was known to the owner-lessor or discoverable by him upon reasonable inspection. *See Evans v. Goldfine Truck Rental Serv. Co.*, 361 A.2d 643, 649 (Pa. Super. Ct. 1976). And it is on that independent basis of liability that the plaintiffs in the Andre action seek to hold Koons liable. (*See* Defs.' Mot. for Summ. J. Ex. B ("Andre Compl.") ¶¶ 127–151.)

It is true, as Koons asserts, that the particular cause of action pleaded in the underlying complaint is not necessarily determinative of whether an insurer has a duty to defend, and a court must instead look at the factual allegations giving rise to the claims in the underlying complaint. *See Mutual Benefit Ins. Co. v. Haver*, 725 A.2d 743 (Pa. 1999) (holding that insurer had no duty to defend pharmacist because the factual allegations in the underlying complaint fell within the "knowing endangerment" exclusion of the policy, notwithstanding that the complaint only asserted claims of negligence). But here, the Andre complaint alleges no facts that implicate the conduct of Ches-Mont LLC or its employees—or any actions taken by Koons in his capacity as an owner or officer of Ches-Mont LLC. In short, the complaint contains no factual allegations that would give rise to a claim against Koons for actions he undertook in his capacity as an owner or officer of Ches-Mont LLC.

---

[3] Of course here, Ches-Mont LLC, as Andre's employer, is statutorily immune from suit by the plaintiffs in the Andre action under the exclusivity provision of the workers' compensation law. *See* 77 Pa. Stat. Ann. § 481.

Because Koons has not demonstrated any basis for reconsidering my conclusion that he is not an "insured" under the Greenwich policy, I will deny his motion for reconsideration. An appropriate order accompanies this memorandum.